UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DERRICK M. JOHNSON; TYNEKIA S. SMITH,

                Plaintiffs,             **MEMORANDUM AND ORDER**
                                                     24-CV-4693 (LDH) (LB)

      -against-

GEICO INSURANCE (AUTO); CARCASTLE
DEALERSHIP; JANE DOE (OFFICE RECEPTION);
JANE DOE (SHARON, INSURANCE AGENT);
JOHN DOE (JAFFE FRAUDULENT AGENT),

                Defendants.
-------------------------------------------------------------x
LaSHANN DeARCY HALL, United States District Judge:

Plaintiffs Derrick M. Johnson and Tynekia S. Smith, appearing pro se bring this complaint against Geico Insurance (Auto), Carcastle Dealership, and three Jane and John Doe defendants ("Defendants") alleging unfair trade practices and fraud, among other related claims. (*See* Compl., ECF No. 1.) Plaintiffs invoke the Court's federal question jurisdiction and diversity jurisdiction under 28 U.S.C. §§ 1331, 1332. (*Id.*) Plaintiffs' requests to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 are granted. (*See* ECF Nos. 2, 5.) For the reasons discussed below, the complaint is dismissed without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiffs Derrick M. Johnson ("Johnson") and Tynekia S. Smith ("Smith"), residents of Floral Park, New York, bring this action against GEICO Insurance (Auto) ("GEICO"), Carcastle Dealership ("Carcastle"), located in Bellerose, New York and John and Jane Doe employees of GEICO and Carcastle. (Compl. at 3–4.) Plaintiffs allege that they were victims of a fraudulent automobile insurance scheme when they purchased a vehicle from Carcastle in November 2023.[1]

---

[1] The complaint alleges that Plaintiffs purchased the vehicle in November 2024. (Compl. at 4.) This appears to be a typographical error, as the complaint was filed on July 3, 2024.

1

(*Id*.) According to the complaint, Carcastle employees issued a fake insurance policy to Plaintiffs using a fake agent named "Jaffe." (*Id*. at 4–9.) Plaintiffs allege that a real GEICO agent named "Sharon" allowed the Carcastle employees to use her insurance clearance code in the scheme. (*Id.*) Plaintiffs paid $1,133.00 for initial insurance coverage and continued to make payments, believing the insurance policy was active. (*Id.* at 5–6.)

According to Plaintiffs, they discovered the fraud when they were stopped by police during a routine checkpoint and were informed that the vehicle's registration, which was in Smith's name, had been suspended for lack of insurance. (*Id*. at 5–6.) Johnson was then issued a ticket for driving with a suspended registration. (*Id.*) The next day, Plaintiffs "investigate[d] the matter with the dealership" and then filed a complaint with the police department. (*Id.*) Thereafter, Plaintiffs were informed by the Department of Motor Vehicles that Smith's driver's license had also been suspended, "as [a] result of this fraud." (*Id.*) Johnson was required to appear in criminal court on March 22, 2024, to "explain these facts before a judge." (*Id.* at 8.)

Plaintiffs allege that GEICO failed to adequately supervise its agents by allowing "some third-party ghost agent to scam customers out of real service." (*Id*. at 8–9.) Plaintiffs further allege that GEICO allowed an additional vehicle to be fraudulently added to the insurance policy without Plaintiffs' knowledge, which resulted in increased costs to Plaintiffs. (*Id.* at 7.) Plaintiffs seek (1) $100,000 in compensatory damages, (2) $200,000 in punitive damages, (3) the reinstatement of Smith's driving privileges, (4) a criminal investigation into the alleged fraud, and (5) for Carcastle's business operations to be frozen until this action is resolved. (*Id*. at 8–10.)

**STANDARD OF REVIEW**

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Iqbal*, 556 U.S. at 678. While this standard requires more than a "sheer possibility" of a defendant's liability, *id*., "[i]t is not the [c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the [c]ourt must merely determine whether the complaint itself is legally sufficient, and in doing so, it is well settled that the [c]ourt must accept the factual allegations of the complaint as true." *Id*. (internal citation omitted).

Moreover, where, as here, a plaintiff is proceeding *pro se*, their pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)). This is "particularly so when the *pro se* plaintiff alleges that [their] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, "even *pro se* plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555)).

Nonetheless, a district court may dismiss a *pro se* action *sua sponte*, even if the plaintiff has paid the Court's filing fee, if it determines that the action is frivolous or that the Court lacks subject matter jurisdiction. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d

3

362, 363-64 (2d Cir. 2000) (affirming *sua sponte* dismissal of frivolous *pro se* complaint where *pro se* plaintiff had paid the required filing fee). An action is frivolous when "either (1) 'the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)). A finding of frivolousness is appropriate "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## DISCUSSION

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. If the court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *accord. Yong Qin Luo v. Mikel,* 625 F.3d 772, 775 (2d Cir. 2010); *see also Chestnut v. Wells Fargo Bank, N.A.*, No. 11-cv-5369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking."). A lack of subject matter jurisdiction "is not waivable and may be raised at any time by a party or by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted).

Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. The plaintiff bears the burden of

establishing either type of subject matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Federal question jurisdiction exists where a plaintiff's cause of action is based on a violation of federal law or where "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks omitted). Here, although Plaintiffs list eleven "counts," including, "federal conspiracy," Plaintiffs' claims do not arise under federal law or depend on resolution of questions of federal law. (*See generally*, Compl.) "Plaintiff[s'] allegations are insufficient to establish this Court's subject matter jurisdiction because simply referencing constitutional provisions or federal statutes is insufficient to establish subject matter jurisdiction." *Espinoza v. FBI*, No. 21-CV-4749, 2021 WL 6196810, at *2 (E.D.N.Y. Nov. 16, 2021) (citations and internal quotations omitted); *see also Perpetual Secs., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002) ("Simply raising a federal issue in a complaint will not automatically confer federal question jurisdiction.")

Moreover, Plaintiffs do not establish diversity jurisdiction under 28 U.S.C. § 1332. Under the diversity statute, federal courts have subject matter jurisdiction over claims when the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 48 (2d Cir. 2012). Here, Plaintiffs and at least one named defendant, Carcastle, are citizens of New York. (*See* Compl. at 3–4.) Thus, complete diversity is lacking. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's diversity jurisdiction only if diversity of citizenship

5

among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same state.").

As such, Plaintiffs' complaint must be dismissed for lack of subject matter jurisdiction. *See Gaston v. Shelter*, No. 24-CV-04386, 2024 WL 3360365, at *2 (E.D.N.Y. July 10, 2024) ("Because plaintiff has not alleged a valid basis for the Court's federal question or diversity jurisdiction, the Court must dismiss plaintiff's complaint for lack of subject matter jurisdiction.").[2]

## CONCLUSION

Accordingly, Plaintiff's complaint is dismissed without prejudice. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(iii). The Court declines to grant leave to amend as it finds that amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (affirming district

---

[2] Furthermore, even if there was complete diversity of citizenship among the parties Plaintiffs fail to meet the amount in controversy requirement. **Error! Main Document Only.**Plaintiffs' allegations must establish a "reasonable probability that the amount-in-controversy requirement is satisfied." *Agoliati v. Block 865 Lot 300 LLC*, No. 22-51, 2023 WL 405769, at *2 (2d Cir. Jan. 26, 2023) (internal citations omitted); *see also Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiffs' claim that they are entitled to $100,000 in damages for, "each day that the insurance was lapsed," and $200,000 in punitive damages, "because an accident could [have] happened during this suspension period and [P]laintiffs were not aware [that] this fraud could [have] caused serious outcomes for [P]laintiffs." (Compl. at 9–10.) However, Plaintiffs not provide a good faith basis for seeking that amount and their claims do not suggest a 'reasonable probability' that they can recover $300,000, much less in excess of $75,000, to meet the statutory jurisdictional requirement. Therefore, Plaintiffs' request for relief in the amount of $300,000.00 is deemed speculative and is, thus, insufficient to meet the amount in controversy required for the Court to exercise diversity jurisdiction over this matter. *See, e.g., Gousse v. Giardullo*, No. 21-CV-489, 2021 WL 429970, at *2 (E.D.N.Y. Feb. 8, 2021) (noting that plaintiff fails to satisfy the amount in controversy where, despite claiming one million dollars in damages, plaintiff could not recover that amount); *Trisvan v. Burger King Corp.*, No. 19-CV-6396, 2020 WL 1975236, at *2 (E.D.N.Y. Apr. 24, 2020) ("The amount in controversy must be non-speculative in order to satisfy the statute and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient.").

In addition, where the jurisdictional amount includes punitive damages, those punitive damages will be considered with heightened scrutiny. *See Nwanza v. Time, Inc.*, 125 F. App'x 346, 349 (2d Cir. 2005) ("We will not allow a plaintiff to meet the amount-in-controversy requirement by demanding $5,000,000 in punitive damages, when the only actual damages that he claims are unavailable as a matter of law"); *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1034 n.1 (2d Cir. 1972) ("[I]n computing jurisdictional amount, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages."); *Cohen v. Narragansett Bay Ins. Co.*, No. 14-CV-3623, 2014 WL 4701167, at *3 n.4 (E.D.N.Y. Sept. 23, 2014) ("[T]he Court is not obligated to accept, on face value, a claimed amount of punitive damages, particularly where there would be no diversity without such damages." (citing *Nwanza*, 125 F. App'x at 349)).

court decision to dismiss *pro se* complaint without leave to amend where amendment would be futile).

The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Memorandum and Order to Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ LDH_____
LaSHANN DeARCY HALL
United States District Judge

Dated: April 23, 2025
      Brooklyn, New York